## Roebling Construction Company v. Robert Thompson.

### Gen. No 4,643.

1. SERVANT—*when entitled to recover when injured while obeying orders of superior.* A servant is entitled to recover where he is injured while obeying a command of his superior, it not appearing that he was guilty himself of negligence contributing to the injury.

2. FELLOW-SERVANT RULE—*when instruction as to, erroneous.* An instruction upon the subject of fellow-servants is erroneous where it only presents a partial view of the facts upon which such question is to be determined.

Action in case for personal injuries. Appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

VAIL & PAIN, for appellant.

FISHER & MANN and N. J. ALDRICH, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 13, 1904, the Roebling Construction Company was erecting a building at Elgin. Robert Thompson, a colored man, was in its employ as a laborer in said building. A hoist raised concrete material in wheelbarrows to the fifth floor. Thompson and other laborers wheeled the barrows to the proper place, emptied them and brought them back to the hoist. Morrison was a foreman in charge of the work and the men. One empty barrow had been placed on the hoist. Morrison gave a sharp and peremptory order to double up the barrows. In obedience to this order Thompson took one end of a barrow and another laborer the other, and together they turned it over and placed it on top of the one already on the hoist. In doing this Thompson stood with one foot on the hoist and the other on the floor of the build-

Roebling Construction Co. v. Thompson.

ing, and leaned over the hoist. While he was in that position Morrison pulled the bell rope and thereby gave a signal to the hoisting engineer in the basement to lower the hoist, and he instantly and rapidly lowered it. Thompson fell with or after the elevator and went down the sides of the elevator shaft to the basement and was injured. He brought this action against the construction company to recover damages for such injuries. He recovered a verdict for $1,500. The court required plaintiff to remit $500 and gave judgment for $1,000, from which defendant appeals.

Defendant contends that when Morrison pulled the signal rope he acted as a fellow-servant of plaintiff, and therefore defendant is not liable; that plaintiff's attorney used improper language in cross-examining a witness called by defendant, and in the discussion which thereupon arose; and that the court erred in refusing instruction No. 26 requested by defendant.

A bell boy was employed by defendant whose duty it was to stand by the hoist on the fifth floor and give the signal to lower the elevator. He was temporarily absent. Morrison was foreman and as such gave the harsh and peremptory order which caused plaintiff to place one foot on the hoist and to lean over it, in his haste to comply with the order. At that instant Morrison pulled the rope, a negligent act which caused the injury to plaintiff. We are unable to concur in defendant's contention that though Morrison was a vice-principal when he gave the order to double up the barrows, and used the harsh language which produced plaintiff's haste, he became a mere fellow-servant with plaintiff when but an instant later he pulled the rope. We are of opinion that plaintiff had a right to assume that his superior who gave the order would not by his own negligence make his compliance with the order unsafe. The order and the signal occurred so nearly together that the consequences resulting therefrom cannot be separated. We think Norton Bros. v. Nade-

bok, 190 ,Ill. 595, and the cases there cited, are in point, and that the master is liable for the negligence of Morrison in giving the signal while plaintiff was standing before him in this perilous position carrying out the order.

The court sustained all defendant's objections to plaintiff's questions in the cross-examination of defendant's witnesses, and we fail to see that defendant was harmed; and it has no exception to any ruling of the court on that subject, for all the rulings were in its favor. All that was correct or important to defendant in the 26th instruction, requested by defendant and refused, was embodied in the instruction given at defendant's request, and especially in instruction No. 21. We also conclude instruction No. 26 was calculated to mislead the jury. It made no reference to the fact that Morrison had just given an order in his' capacity as vice-principal, and that plaintiff had put himself in peril in the presence and sight of the foreman in obeying that order, and that at that instant Morrison rang the signal bell. It therefore presented but a partial view of the facts which the jury were to consider in determining whether Morrison was a fellow-servant with plaintiff when he pulled the bell rope.

Plaintiff was forty-five years old; was earning $2.70 per day; was seriously hurt, was laid up for a long time, and has not been able to work since the accident. We find no evidence of passion or prejudice in the verdict of $1,500, and are of opinion that the judgment for $1,000, is not excessive. The judgment is affirmed.

*Affirmed.*

Mr. Justice WILLIS having heard this case in the lower court, took no part in its decision here.